**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| SCOTT LOUIS BASSFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:21-cv-02955-DCN |
| vs. ) | |
| ) | **ORDER** |
| PATRICIA ANN BASSFORD, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

     This matter is before the court on plaintiff Scott Bassford's ("plaintiff") motion to remand, ECF No. 7, and defendant Patricia Bassford's ("defendant") motion to consolidate, ECF No. 12. For the reasons set forth below, the court grants plaintiff's motion to remand, denies defendant's motion to consolidate, and awards attorney's fees to plaintiff.

## I. BACKGROUND

     This case arises out of a dispute over the handling and disposition of the estate of Stephen Bassford (the "decedent"). The decedent died on or around February 20, 2021. Prior to his death, the decedent made defendant the sole beneficiary of his estate and investment accounts. In addition to the instant action, there are two other lawsuits related to the estate that that are currently pending before the court. One case is related to an action for interpleader over three of the decedent's investment accounts.[1] See Raymond James & Assocs., Inc. v. Bassford, No. 9:21-cv-01825-DCN (D.S.C. 2021) (the

---

[1] The status of the Interpleader Action is closely tied to the merits of the motions in this case, and vice versa. The document numbers within this order refer to the numbers as identified in this case, unless otherwise indicated.

1

"Interpleader Action"). The other case is related to an allegedly defamatory statement made by plaintiff in relation to the decedent's alleged designation of defendant as joint owner of a checking account. See Bassford v. Bassford, No. 9:21-cv-02351-DCN (D.S.C. 2021).

Plaintiff—a citizen and resident of Decorah, Iowa—was the decedent's only child and according to plaintiff, he and the decedent maintained a close relationship. In July 2015, the decedent executed a will providing that plaintiff would serve as "the executor of the Will" (the "2015 Will") and be the sole beneficiary of the estate. ECF No. 1-1, Compl. ¶ 13. Thereafter, the decedent began dating defendant—a citizen and resident of Beaufort County, South Carolina—and they were married on November 7, 2018. On March 15, 2019, the decedent allegedly signed a new will, leaving all that he owned to defendant (the "2019 Will"). Plaintiff contests the validity of the will, claiming, among several other allegations, that the 2019 Will was not witnessed, that the signature on the 2019 Will was not the decedent's signature, and that several words were not written in the decedent's handwriting. Plaintiff also claims that the decedent and defendant signed a prenuptial agreement prior to their marriage.

On March 22, 2021, the Beaufort County Probate Court granted defendant's application for informal appointment as the personal representative of the decedent's estate. See id. ¶ 6. On May 24, 2021, plaintiff filed a petition for formal appointment as the personal representative on the grounds stated above. See id. ¶ 8. The probate court converted the case to formal proceedings, and on May 11, 2021, plaintiff filed an amended petition, now the operative complaint. See generally id. Defendant removed the case to this court on September 14, 2021. ECF No. 1.

Plaintiff's complaint also alleges that defendant "intentionally interfered with Petitioners' right to receive funds in the AB/RJ accounts." Compl. ¶ 72. The decedent held three investment accounts with a division of Raymond James & Associates, Inc. ("Raymond James"). These accounts consisted of two brokerage accounts and one individual retirement account ("IRA") (together, the "Raymond James funds"). According to Raymond James, it is in possession of the account funds, and due to conflicting claims between plaintiff and defendant, it has been "unable to determine, without hazard to itself, which . . . is entitled to the Funds." Interpleader Action, ECF No. 1 ¶ 25. Accordingly, on June 16, 2021, Raymond James filed a claim for statutory interpleader pursuant to 28 U.S.C. § 1335.

As a result of the Interpleader Action, the state probate court filed a consent order in the probate court case on July 20, 2021. ECF No. 26-2. The consent order stated, in relevant part:

> Given the filing of the Interpleader Action, to avoid duplicity and preserve the time and resources of the Court and the parties, with the consent of the Court, agree as follows:
>
> (1) The pending probate proceeding is stayed, except as to matters of discovery related to the probate estate, that by agreement of the parties, may proceed.
>
> (2) The Court shall retain jurisdiction over all matters of the probate estate administration as well as hear and issue any rulings related to discovery in the probate matters.
>
> (3) The parties have stated that they will answer and appear in the Interpleader Action and may assert additional claims against each other. Since certain claims may be asserted in the Interpleader Action that are currently plead and/or related to claims made in the Amended Formal Proceeding Petition, all parties agree as follows:
>
>   (a) Petitioner [Scott] will have until August 31, 2021, to amend their Formal Petition if they so choose.

>    (b) Respondent [Patricia] shall have until September 20, 2021 to move, plead or otherwise defend in response to either the pending Formal Petition or, if amended, to the amended Formal Petition.
>
> (4) Respondent [Patricia] shall file the Inventory and Appraisement on or before July 12, 2021.
>
> (5) Respondent [Patricia] shall file the Non-Probate Inventory on or before October 7, 2021.

Id. at 1–2.

On September 24, 2021, plaintiff filed his motion to remand this action to state court. ECF No. 7. Defendant responded to the motion on September 29, 2021, ECF No. 11, and plaintiff replied on October 6, 2021, ECF No. 13. On September 29, 2021, defendant filed her motion to consolidate the case with the Interpleader Action. ECF No. 12. Plaintiff responded in opposition on October 13, 2021. Defendant did not file a reply, and the time to do so has now expired. The court held a telephonic hearing on the pending motions in this case and in the Interpleader Action on February 8, 2022. ECF No. 16. As such, both motions have been fully briefed and are now ripe for review.

## II. DISCUSSION

Since defendant's motion to consolidate hinges on whether this case is properly before the court, the court first addresses the motion to remand before turning to the motion to consolidate. The court ultimately finds that remand is proper, and there is no basis for consolidation.

### A. Motion to Remand

Generally, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). Original jurisdiction exists where a claim

4

arises under federal law, see 28 U.S.C. § 1331, or where the amount in controversy exceeds the sum or value of $75,000 and the claim is between citizens of different states, see 28 U.S.C. § 1332.

Defendant's notice of removal stated that removal was "pursuant to 28 U.S.C. §§ 1441, 1391[,] and 1446." ECF No. 1 at 1. Of these statutes, only § 1441 provides a basis for removal. It is unclear from defendant's notice of removal whether the action is removable based on federal question or diversity jurisdiction. Defendant asserts in the notice of removal that the parties are diverse and that the amount of controversy exceeds $75,000. Id. ¶ 9. At the same time, she states that district courts have original jurisdiction over claims arising under federal law; however, she fails to assert what federal law is supposedly implicated by plaintiff's claims. Id. ¶ 11.

Regardless, under either avenue, it is apparent that the court lacks subject matter jurisdiction. The case does not arise under federal law as plaintiff's claims are entirely premised on South Carolina law. Specifically, plaintiff seeks to have defendant's personal appointment as representative of the estate rescinded and the 2019 Will declared void based on claims of (1) invalid will execution, (2) breach of fiduciary duty, (3) undue influence, (4) fraud, and (5) intentional interference with prospective contractual relations. ECF No. 1-1. None of these claims raise federal causes of action.

Although plaintiff—a citizen of Iowa—and defendant—a citizen of South Carolina—are diverse parties, a South Carolina defendant may not remove this action based on diversity of citizenship. Under 28 U.S.C. § 1441(b), a defendant may not remove a matter to federal district court on the basis of diversity jurisdiction if any defendant is a citizen of the forum state. See Turtle Factory Bldg. Corp. v. McGrath Real

5

Est. Holdings, LLC, 2021 WL 688697, at *2 (D.S.C. Jan. 28, 2021) ("Separate and apart from the statute conferring diversity jurisdiction, 28 U.S.C. § 1332, the forum-defendant rule confines removal based on diversity jurisdiction to instances where no defendant is a citizen of the forum state."). There is no dispute that defendant is a citizen of South Carolina. Therefore, removal is improper.

Additionally, even if removal were proper under § 1441(a), the court would still lack jurisdiction under the probate exception. The probate exception is a well-established, judicially-created exception to the exercise of otherwise proper federal jurisdiction. See Markham v. Allen, 326 U.S. 490, 494 (1946). Specifically, "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." Marshall v. Marshall, 547 U.S. 293, 311–12 (2006). Here, plaintiff's action relates to the probate or annulment of a will—specifically, the annulment of the 2019 Will—and as such, the probate exception clearly applies. This action is reserved to the jurisdiction of the Beaufort County Probate Court.

In light of the multiple bases provided in defendant's notice of removal, the court asked defendant to clarify the basis of removal jurisdiction at the hearing. Defendant claimed at that time that she was not arguing that the court possessed diversity or subject matter jurisdiction; rather she contends that the court has jurisdiction under 28 U.S.C. § 1441(c)(1)(B). That provision states:

> If a civil action includes . . . a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without inclusion of the claim described [above].

6

Defendant suggests that one of plaintiff's claims would be removable without inclusion of the remaining probate claims. Specifically, defendant contends that plaintiff's claims related to the Raymond James funds belong in federal court. As such, defendant maintains that she simply sought removal so that the court could gain jurisdiction over the claims related to the Raymond James funds and the court could then remand the remaining probate court matters back to the state probate court, where they belong. Such an argument has no basis in law. Even if the court found, for defendant's benefit, that defendant's sole intention was to remove the claims related to the Raymond James funds, those claims are still not removable. The existence of similar or even identical claims in federal court does not provide an independent basis for removal. "Despite what may appear to result in a duplication of judicial resources, the rule is well recognized that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." McLaughlin v. United Va. Bank, 955 F.2d 930, 934 (4th Cir. 1992). Therefore, no claims in plaintiff's complaint were "removable without inclusion of the [other] claim[s]" under § 1441(c)(1)(B) because the court lacks original or supplemental jurisdiction over the claims related to the Raymond James fund.

At the hearing, plaintiff requested attorney's fees under 28 U.S.C. § 1447(c) and submitted an affidavit of attorney's fees on February 9, 2022. ECF No. 17. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for removal." Martin v. Franklin Cap. Corp., 546

7

U.S. 132, 136 (2005); see also In re Lowe, 102 F.3d 731, 733 n.2 (4th Cir. 1996) (finding an award of attorney's fees and costs appropriate under § 1447(c) where "a cursory examination . . . would have revealed a lack of federal jurisdiction.") (internal quotations and citation omitted). Attorney's fees are appropriate in a variety of situations, including for untimely removal or erroneous legal arguments. See LaMotte v. Roundy's, Inc., 27 F.3d 314, 316 (7th Cir. 1994) (holding that an award under § 1447(c) is appropriate whether remand is based on jurisdictional defect or a defect in the removal procedure); Phillips v. Extra Space Mgmt., Inc., 2020 WL 571914, at *3 (W.D.N.C. Feb. 5, 2020) (holding that attorney's fees may be appropriate for cases of "untimely removal, removal based on an erroneous legal argument, repetitive removals, and removal which greatly increases the cost and/or complexity of the case"). The decision to award fees is ultimately at the discretion of the court. See 28 U.S.C. § 1447(c); Martin, 546 U.S. at 136.

      Given that defendant all but concedes that the court lacks subject matter and diversity jurisdiction over the probate-related claims, defendant's strongest contention for arguing that she had an objectively reasonable basis for removal is her argument that 28 U.S.C. § 1441(c)(1)(B) allows for removal of the action because the claims related to the Raymond James funds were removable on their own. As the court discussed, however, this argument is not plausible given that there is no independent reason why those claims were removable. Therefore, the court finds that it was not objectively reasonable for defendant to file her notice of removal based on plaintiff's claims.

      "When awarding actual expenses, including attorney's fees, under 28 U.S.C. § 1447(c), a court first determines the 'lodestar' amount (reasonable hourly rate

multiplied by hours reasonably expended), and then must apply the [Barber] factors."

Dodeka, L.L.C. v. AmrolDavis, 2010 WL 3239117, at *1 (E.D.N.C. Aug. 16, 2010)

(citations omitted). The Barber factors that guide the court are:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Grissom v. The Mills Corp., 549 F.3d 313, 321 (4th Cir. 2008) (quoting Spell v.

McDaniel, 824 F.2d 1380, 1402 n.18 (4th Cir. 1987)). Although courts should consider

all of the factors, they need not be strictly applied in every case inasmuch as all of the

factors are not always applicable. See EEOC v. Serv. News, Co., 898 F.2d 958, 965 (4th

Cir. 1990).

Counsel for plaintiff submitted via sworn affidavit that the costs and expenses

incurred from defending against removal amounted to $11,377.50. Having reviewed

counsel for plaintiff's accompanying affidavit, the court finds that the affidavit properly

applies the lodestar method by multiplying the number of hours expended by a

reasonable hourly rate. The calculations are also consistent with the Barber factors:

plaintiff's billing records demonstrate that the attorneys spent a reasonable amount of

time on necessary tasks and applied a fee that is customary for their experience and the

type of work performed. However, the court observes that the entries starting from

January 31, 2022 describe work completed for both the instant action and the Interpleader

Action. See ECF No. 17 at 9–11. Certainly, the court recognizes that preparation for the

hearing before the court involved efforts on both actions, and to maintain efficient billing practices, counsel for plaintiff included the work as a single line item. Nevertheless, § 1447(c) only contemplates fees related to defending against improper removal. In its discretion—and in further considering the Barber factors—the court finds it would be unreasonable to include the full amount of those fees. Therefore, in fairness to the parties, the court will apply half of the amount billed for the entries between January 31, 2022 and February 8, 2022 in its calculation.[2] As a result, the court awards plaintiff the costs and expenses incurred due to the removal in the amount of $9,963.75.[3]

### B. Motion to Consolidate

Since the court remands the entirety of this action to the Beaufort County Probate Court, there are no claims that the court may consolidate with the Interpleader Action. To be consolidated, the actions must be pending in the same district and involve common questions of law or fact. Fed. R. Civ. P. 42(a). As discussed supra, the Probate Action must be remanded because the court has no basis to keep the Probate Action in this court due to a lack of subject matter jurisdiction. As such, not only do the cases fail to be in the same district, but they are not properly in the same judicial system. The presence of issues common—or even identical—to a federal case alone will not save the Probate Action from remand and allow it to be consolidated. To find otherwise would be akin to ordering the consolidation of a state court case, which the court lacks the authority to do. See Mungo v. Enter. Bank of S.C., 2011 WL 13214542, at *7 (D.S.C. Sept. 26, 2011) (citing Owens-Corning Fiberglass Corp. v. Brandt Constr. Co., 826 F.2d 643, 647 (7th

---

[2] This amounts to $1,413.75 ($2,827.50 divided in half).
[3] In granting attorneys' fees to plaintiff, the court also denies defendant's motion for attorneys' fees that was part of her response to the motion to remand, ECF No. 11.

Cir. 1987) ("To consolidate two cases, a court must first have jurisdiction over each action individually."). At the very most, a federal court may abstain from proceeding in the federal action under the Colorado River doctrine if it "concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." vonRosenberg v. Lawrence, 849 F.3d 163, 168 (4th Cir. 2017) (citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 28 (1983)) (emphasis in original). However, defendant's motion to consolidate only seeks consolidation of the cases; it does not request that the court abstain from proceeding in the Interpleader Action. Defendant did not file such a motion in the Interpleader Action either. Therefore, the court will not raise the issue of abstention sua sponte[4] and finds, because the instant action must continue in state court, that the cases may not be consolidated.

### III.   CONCLUSION

For the reasons set forth above, the court **GRANTS** the motion to remand and **DENIES** the motion to consolidate in accordance with this order.

---

[4] Although the court issues no ruling on abstention, it observes that in the Interpleader Action, plaintiff indicated that if the court grants the motion for interpleader, he is willing to relinquish his beneficiary change form claims in this matter once it is remanded to the state probate court. Even if plaintiff does not do so, the court has also entered an order in the Interpleader Action enjoining plaintiff from proceeding with any claims related to the Raymond James funds, based on the court's authority under 28 U.S.C. § 2361. In short, any fear that the cases will proceed on a parallel track appear to be greatly minimized.

**AND IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　**DAVID C. NORTON**
　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

**March 7, 2022**
**Charleston, South Carolina**